**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0489-24

ARLEIGH SPENCER,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR
AND WORKFORCE
DEVELOPMENT, and
THE EXECU/SEARCH
GROUP, LLC,

     Respondents.

_____

Submitted October 30, 2025 – Decided December 31, 2025

Before Judges Mawla and Puglisi.

On appeal from the Board of Review, Division of Unemployment Insurance, Department of Labor and Workforce Development, Docket No. 336724.

Arleigh Spencer, self-represented appellant.

Matthew J. Platkin, Attorney General, attorney for respondent Board of Review (Janet Greenberg Cohen,

Assistant Attorney General, of counsel; Ryne A. Spengler, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Arleigh Spencer appeals from the October 11, 2024 final decision of the Board of Review (Board) dismissing his untimely appeal. We affirm.

Appellant contracted with The Execu/Search Group, LLC to provide tax consulting services for a four-month period. After the expiration of his contract, appellant filed for unemployment benefits on December 18, 2022. By written notice to appellant dated January 12, 2023, the Department of Labor, Division of Unemployment and Temporary Disability Insurance (DOL) deemed the claim valid at a weekly benefits rate of $804 for a total of eleven weeks, with a maximum benefit of $8,844. Appellant collected benefits until the full allowance was exhausted.

On March 31, 2023, appellant sent a letter to the governor, alleging a backdating error with his claim and disputing the eligibility weeks. He then filed a letter appeal of the DOL's determination to the Appeal Tribunal on April 10, 2023, followed by an online notice of appeal on July 9, 2023. Both appeals were filed outside the statutory filing period.

A-0489-24

A Tribunal hearing examiner conducted a telephonic hearing on April 23, 2024. Addressing the untimeliness of his appeal, appellant claimed he attempted to file an appeal in March 2023 but did not provide any corroborating documentation. As to the substance of the appeal, the hearing examiner explained New Jersey unemployment law regarding base year calculations and eligibility, detailing that appellant's claim was processed under the first alternate base year (October 1, 2021 to September 30, 2022), which produced a valid claim. Appellant did not dispute the reported eleven weeks and wages during that period but maintained he was entitled to benefits from omitted wages totaling $33,761 and an additional six weeks of benefits. The hearing officer informed appellant he could file a new claim based on the additional wages.

In its April 23, 2024 findings of fact and decision, the Tribunal noted the DOL's initial determination was mailed to appellant's address of record on January 12, 2023. Appellant acknowledged he received the determination, though he did not recall when, but did not read the appeal rights contained in the determination. He did not provide any reason for the delay in filing an appeal, "other than he did not realize that he was only entitled to eleven . . . weeks of [u]nemployment benefits." Thus, the Tribunal dismissed the appeal as untimely

A-0489-24

because appellant did not present evidence of filing a timely appeal, nor did he show good cause for the delayed filing.

Appellant appealed the decision to the Board on April 29, 2024, again maintaining his fourth quarter wages were $12,720 for six weeks and his total 2022 earnings were $33,761. He claimed the DOL erred by not paying him benefits "up to the quarter ending [December 31, 2022,] instead of deciding it to be [September 30, 2022]." Appellant also enclosed his March 2023 letter to the governor. The Board affirmed the Tribunal's dismissal on October 11, 2024, finding appellant did not show good cause for the untimely filing.

On appeal, appellant reiterates his arguments the DOL and the Board erred by not including all of his earned wages for the third and fourth quarters of 2022 when calculating his unemployment benefits, and he is entitled to benefits for the full period he worked because he did not exhaust the maximum twenty-six weeks of benefits and there was no disqualifying conduct on his part. He also claims he "made appointments with the local office and visited twice to complain about their mistake," and therefore the Board's determination was beyond his control and should be reversed as "bias."

Our scope of review of an administrative agency's final determination is limited. Brady v. Bd. of Rev., 152 N.J. 197, 210 (1997). The agency's decision

may not be disturbed unless shown to be arbitrary, capricious, unreasonable, or inconsistent with applicable law. Ibid. "Wide discretion is afforded to administrative decisions because of an agency's specialized knowledge." In re Request to Modify Prison Sentences, 242 N.J. 357, 390 (2020). An administrative agency's final decision "will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Saccone v. Bd. of Trs., Police & Firemen's Ret. Sys., 219 N.J. 369, 380 (2014) (quoting Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011)).

In reviewing an agency's decision, we "must be mindful of, and deferential to, the agency's 'expertise and superior knowledge of a particular field.'" Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 10 (2009) (quoting Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)). "A reviewing court 'may not substitute its own judgment for the agency's, even though the court might have reached a different result.'" In re Stallworth, 208 N.J. 182, 194 (2011) (quoting In re Carter, 191 N.J. 474, 483 (2007)). Our review is not designed "'to merely rubberstamp an agency's decision,'" but rather, "we are constrained 'to engage in a careful and principled consideration of the agency record and findings.'" Sullivan v. Bd. of Rev., Dep't of Labor, 471

5

N.J. Super. 147, 156 (App. Div. 2022) (quoting Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 191 (App. Div. 2010)).

Claims for unemployment benefits are governed by N.J.S.A. 43:21-6. Under the provision applicable here, a petitioner may appeal an initial determination "within seven calendar days after delivery of notification of an initial determination or within [ten] calendar days after such notification was mailed to [the petitioner's] last-known address." N.J.S.A. 43:21-6(b)(1) (2017).[1] Thereafter, a late appeal may only be considered on the merits "if it is determined that the appeal was delayed for good cause." N.J.A.C. 12:20-3.1(i). Good cause exists where: "1. The delay in filing the appeal was due to circumstances beyond the control of the appellant; or 2. The appellant delayed filing the appeal for circumstances which could not have been reasonably foreseen or prevented." Ibid.

Here, the DOL's initial determination letter was mailed to appellant at his address of record on January 12, 2023. He did not file an appeal until April 10, 2023, well beyond the ten-day statutory deadline. His July 9, 2023 online appeal was even more grossly out of time. Even if the Board considered his March

---

[1] N.J.S.A. 43:21-6(b)(1) has since been amended in 2022 and 2024. Neither of the amendments impact the outcome of this appeal.

A-0489-24

2023 letter to the governor as a misdirected appeal, that letter was untimely as well. Because appellant failed to demonstrate good cause as defined in the code, the Board dismissed the appeal as untimely. Having reviewed the record, we discern no abuse of discretion in the Board's determination. Because we affirm the Board's dismissal based on procedural infirmity, we do not address the substantive issues appellant raises on appeal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0489-24